AFFIRM; Opinion Filed November 6, 2012.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-10-01662-CV

## ROSALIND KELLY AND RAFAEL DE LOS SANTOS, Appellants

## V.

## RICARDO MEJIA D/B/A E & R TRUCKING, Appellee

On Appeal from the 193rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. 09-08584-L

## MEMORANDUM OPINION

Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion By Justice Lang-Miers

This is a breach of contract lawsuit. Ricardo Mejia d/b/a E & R Trucking sued Rosalind Kelly

and her husband Rafael De Los Santos for breach of contract.[1] After a bench trial, the court rendered

judgment in favor of Mejia for $11,794 plus attorney's fees. In twenty-six issues on appeal,

appellants challenge the evidence supporting the trial court's findings of fact and conclusions of law.

We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because

---

[1] Mejia also alleged a claim for quantum meruit. He sued appellants in their individual capacities as well as in their representative capacities for their businesses, FiveR Company, FiveR Construction and Demolition, Thunderbolt Construction, and De Los Santos & Daughters. The final judgment was rendered against appellants in their individual capacities.

the law to be applied in the case is well settled. We resolve appellants' issues against them and affirm the trial court's judgment.

## Background

Appellants Kelly and De Los Santos were subcontractors on a city alley construction project. Appellee Mejia contended that he and appellants agreed that Mejia would provide trucks and drivers to appellants to haul dirt and concrete debris from the project for $40 an hour. He alleged that he provided the services but that appellants refused to pay some of the invoices. Appellants contended that they contracted with Mejia's father, not Mejia, to haul away the debris for $40 a load, not $40 an hour, and that they do not owe Mejia anything. After a bench trial, the trial court rendered judgment in favor of Mejia for $11,794 plus attorney's fees. Appellants challenge the court's findings of fact and conclusions of law.

## Standard of Review

In an appeal from a bench trial, findings of fact carry the same weight as a jury verdict. *See OAIC Commercial Assets L.L.C. v. Stonegate Village L.P.*, 234 S.W.3d 726, 736 (Tex. App.—Dallas 2007, pet. denied). When examining a legal sufficiency challenge, we review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that supports it.[2] *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). The ultimate test for legal sufficiency is whether the evidence would enable a reasonable and fair-minded fact-finder to reach the finding. *Id.* at 827. We evaluate conclusions of law de novo and will affirm if the trial court correctly drew the legal conclusion from the facts. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789,

---

[2] It is not clear from appellants' brief whether they are attacking the legal or factual sufficiency of the evidence to support the trial court's findings of fact. Appellants cite both standards of review, but they conflate the standards in their arguments and pray only for rendition of judgment in their favor. Rendition of judgment is appropriate when the evidence is legally insufficient. *See Chen v. Parkwood Creek Owner's Ass'n, Inc.*, No. 05-10-01511-CV, 2012 WL 3759032, at *2 n.3 (Tex. App.—Dallas Aug. 30, 2012, no pet.) (mem. op.). Consequently, we will address appellants' issues under the legal sufficiency standard of review.

794 (Tex. 2002). We must also bear in mind that in a bench trial the trial court is the sole judge of a witness's demeanor and credibility and the weight of evidence. *City of Keller*, 168 S.W.3d at 819.

## Discussion

Appellants first challenge the court's findings and conclusions about the existence of a contract between the parties. The court concluded that Mejia established there was a valid, enforceable contract between the parties. The trial court found that Mejia offered to use his trucks and drivers to haul dirt and concrete debris from the project on behalf of appellants for $40 an hour, that Mejia communicated that offer to appellant De Los Santos, and that appellant De Los Santos accepted the offer. The court also found that the contract was continuing in that payment for the work performed was made in installments as the work was completed.

In issues one through six, appellants argue that the evidence is insufficient to show they entered into a contract with Mejia. Appellants testified that they met with Jose Mejia, Mejia's father, and agreed to let Jose Mejia haul away the dirt and concrete from the project for $40 a load "because he said he was down on his luck." They testified that Mejia was not present when this deal was struck with his father. And appellant De Los Santos testified that he would never have agreed to pay the drivers by the hour because he was paid based on the number of cubic yards of debris hauled away.

Mejia testified that he was not present when his father was approached by appellant De Los Santos about the work, but he also testified that his father did not agree to $40 a load. He said that after his father initially talked with appellants about the job, he (Mejia) personally met with appellant De Los Santos and reached an agreement with him to provide trucks and drivers to haul away the debris for $40 an hour.

Mejia testified that in order to be paid he had to invoice appellants and provide copies of each driver's "ticket" showing the hours the driver worked on a particular day. The ticket had to be signed

–3–

by either appellant De Los Santos or his authorized agent. Mejia introduced the invoices and tickets into evidence. The evidence showed that either appellant De Los Santos or his foreman Tomas Avila signed tickets for Mejia's drivers as late as January 8, 2008. Appellant De Los Santos testified that he recognized his own and Avila's signatures on the driver's tickets. Mejia testified that E & R Trucking submitted invoices to appellant Kelly and that she made three partial payments—$7,000 in December 2007, $5,000 in January 2008, and $1,000 in February 2008. Mejia testified that appellants still owed him $11,794 for the work. Evelin Cuadra, part owner of E & R Trucking, testified that she submitted the invoices, along with copies of the tickets, to appellant Kelly and that appellant Kelly never objected to the invoices, said the amount was too high, or said she was not going to pay the invoices.

We conclude that this evidence supports the findings that Mejia and appellants agreed that Mejia would provide the haul-away services for $40 an hour and that the contract was a continuing contract. Appellants argue, however, that the conflict in the evidence about whether they would pay $40 a load or $40 an hour made the contract ambiguous. But the dispute about the payment terms did not present an issue of contract ambiguity to be decided as a matter of law. Instead, the dispute presented an issue of fact about the actual terms of the contract and issues of fact are resolved by the fact-finder. The evidence supported both $40 a load and $40 an hour. Consequently, the resolution of the conflict turned on the credibility and demeanor of the witnesses. When a finding turns on credibility and demeanor, we will not disturb the court's finding. *See City of Keller*, 168 S.W.3d at 819. We resolve issues one through six against appellants.

In issues seven and eight, appellants argue that the evidence is insufficient to support the court's finding that appellant De Los Santos signed off on the driver's tickets showing the number of hours the drivers hauled materials for appellants or that Mejia submitted invoices to appellants

-4-

totaling $19,794. These issues challenge findings nine and ten. The arguments under each issue are identical and state in their entirety:

> The record does not support this finding. This court after considering and weighing the evidence in this action should set aside this finding number eleven [sic] because the evidence is so weak and is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust.

Appellants' arguments refer to finding eleven instead of findings nine and ten. Additionally, appellants do not cite any record references or legal authority to support their contentions and do not argue how the evidence is insufficient to support the court's findings. *See* TEX. R. APP. P. 38.1(i). We resolve issues seven and eight against appellants.

In issue nine, appellants argue that the evidence is insufficient to support the court's findings that appellants made two payments to Mejia totaling $8,000 and that there was an unpaid balance of $11,794. The evidence showed that appellants made three payments to Mejia totaling $13,000. Consequently, the trial court's finding that appellants made two payments to Mejia totaling $8,000 was not supported by the evidence. The error will not result in reversal, however, unless it probably led to the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a)(1); *CI Host Inc. v. Ibrahim*, No. 05-05-01711-CV, 2006 WL 3233893, at *2 (Tex. App.—Dallas Nov. 9, 2006, no pet.) (mem. op.). Appellants do not argue how the error was harmful, and we conclude it was harmless. Mejia testified that appellants still owed him $11,794, and the trial court awarded Mejia damages in the amount of $11,794. Because Mejia's testimony is legally sufficient evidence to support the amount of damages awarded in the judgment, the court's error about the number and amount of payments was harmless. *See* TEX. R. APP. P. 44.1(a)(1); *CI Host Inc.*, 2006 WL 3233893, at *2. We resolve issue nine against appellants.

In issue ten, appellants argue that the evidence is insufficient to support the finding that Mejia made demand upon appellants to pay the balance owed. Appellant's entire argument states:

> There was no evidence presented that [Mejia] made demand upon [appellants]. This court after considering and weighing the evidence in this action should set aside this finding number twelve because the evidence was so weak and is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust.

Appellants do not cite any record references or legal authority or otherwise argue how the evidence does not support the court's finding that Mejia demanded payment from appellants. *See* TEX. R. APP. P. 38.1(i). We resolve issue ten against appellants.

In issue eleven, appellants argue that the evidence is insufficient to support the finding that appellants failed to pay Mejia the balance owed for the work he invoiced. Their entire argument states:

> There is no evidence that the [appellants] owed [Mejia] any type of balance. This court after considering and weighing the evidence in this action should set aside this finding number thirteen because the evidence was so weak and is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust.

Appellants do not cite any record references or legal authority or otherwise argue how the evidence does not support the court's finding that appellants failed to pay Mejia the balance owed for the work he invoiced. *See* TEX. R. APP. P. 38.1(i). We resolve issue eleven against appellants.

In issues twelve, thirteen, and fourteen, appellants challenge the sufficiency of the evidence to support the trial court's findings and conclusions that appellants materially breached the contract by refusing to pay the $11,794 owed to Mejia, that Mejia suffered a monetary loss of $11,794 as a result of the breach, and that Mejia was entitled to judgment against Appellants jointly and severally for $11,794. Appellants argue these issues together. They first contend that Mejia did not establish a contract and next that, even if he did, the only evidence of the price they agreed on was $40 a load. They also contend that they paid Mejia $13,000.

We examined these issues, however, in our analysis of appellants' previous issues and concluded that the evidence supported a finding that Mejia and appellants entered into a contract for $40 an hour, that appellants did not pay the full amount owed, and that appellants still owed Mejia

$11,794. Consequently, we conclude that the evidence is sufficient to support these findings. We resolve issues twelve, thirteen, and fourteen against appellants.

In issues fifteen through twenty, appellants make a single argument attacking findings seventeen, eighteen, nineteen, twenty-one, twenty-two, and twenty-three regarding attorney's fees and interest on the judgment. The combined argument states in its entirety:

> In this action the plaintiff did not establish the existence of a valid enforceable contract. He is not entitled to a grant of attorney fees. This court after considering and weighing the evidence in this action should set aside this finding number fifteen [sic], sixteen [sic], seventeen, eighteen, nineteen and twenty [sic] because the evidence was so weak and is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust.

Appellants' arguments refer to different findings from the findings stated in the respective issues on appeal. Additionally, appellants do not cite any record references or legal authority or otherwise argue how the evidence is insufficient to support these findings. *See* TEX. R. APP. P. 38.1(i). We resolve issues fifteen, sixteen, seventeen, eighteen, nineteen, and twenty against appellants.

In issue twenty-one, appellants argue that the evidence is insufficient to support the court's conclusion that Mejia is entitled to judgment in the amount of $11,794. They argue that they paid Mejia $13,000. Mejia testified, however, that appellants paid him $13,000 and still owed him $11,794. This testimony supports the trial court's conclusion that Mejia was entitled to judgment in the amount of $11,794. We resolve issue twenty-one against appellants.

In issues twenty-two through twenty-six, appellants challenge the trial court's conclusions that Mejia was entitled to judgment against them for $8,000 in attorney's fees, prejudgment interest, postjudgment interest, taxable costs, and to "those writs and processes as may be necessary in the enforcement and collection of the judgment[.]" Appellants argue that Mejia did not establish there was a contract or that they breached the contract, and, as a result, Mejia was not entitled to attorney's fees. But we previously concluded that Mejia established there was a contract, the evidence

supported the conclusion that appellants breached the contract, and the evidence supported the amount of damages awarded in the judgment. And a prevailing party may recover attorney's fees in a breach of contract action. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (West 2008). Consequently, we resolve issues twenty-two, twenty-three, twenty-four, twenty-five, and twenty-six against appellants.

**Conclusion**

We affirm the trial court's judgment.

_____
ELIZABETH LANG-MIERS
JUSTICE

101662F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ROSALIND KELLY AND RAFAEL DE
LOS SANTOS, Appellants

No. 05-10-01662-CV      V.

RICARDO MEJIA D/B/A E & R
TRUCKING, Appellee

Appeal from the 193rd Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
09-08584-L).
Opinion delivered by Justice Lang-Miers,
Justices O'Neill and FitzGerald
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**. It is **ORDERED** that appellee Ricardo Mejia d/b/a E & R Trucking recover his
costs of this appeal from appellants Rosalind Kelly and Rafael De Los Santos.

Judgment entered November 6, 2012.

ELIZABETH LANG-MIERS
JUSTICE